IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01829-MSK-MJW

ANDREA GARZA,
DESERAY HEADRICK,
SAIRA LOSOYA,
ERIC RAEL,
TABITHA ROWE,
AMY VAN DEVENTER, and
JUAN WONG II,

        Plaintiffs,

v.

ACCREDITED HOME LENDERS
d/b/a HOME FUNDS DIRECT,

        Defendant.

---

## ORDER DISMISSING CLAIMS OF PLAINTIFF ERIC RAEL

---

THIS MATTER comes before the Court on the Defendant's "Unopposed Motion to Dismiss Plaintiff Eric Rael With Prejudice" [sic][1] (**#36**). No response was filed in opposition. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

Several Plaintiffs, including Eric Rael, commenced this action under the Fair Labor Standards Act against the Defendant. Shortly thereafter, the Magistrate Judge issued a scheduling order which set deadlines for submission of a deposition schedule (November 20, 2006) and for

---

[1] It appears from the motion that the relief sought is the dismissal of all claims brought by Plaintiff Eric Rael with prejudice.

discovery (May 8, 2007).  The deposition schedule **(#15)** provided that the Defendant could depose Plaintiff Rael on January 19, 2006 [sic].[2]

In its motion to dismiss Mr. Rael's claims, the Defendant states that Mr. Rael's deposition was rescheduled to February 9, 2007, but he did not appear for his deposition.  The Defendant states that it contacted the Plaintiffs' attorney in March 2007, who advised that he has been unable to contact Mr. Rael for several weeks and that he would not oppose a "motion to dismiss Mr. Rael with prejudice from this lawsuit" if Mr. Rael could not be located.  The Defendant gave the Plaintiff's attorney until April 6, 2007 to locate Mr. Rael, then filed the instant motion.

In essence, the Defendant seeks the imposition of sanctions against Mr. Rael under Fed. R. Civ. P. 37(b) & (d) for failure to attend his deposition.  The sanction of dismissal against a party who fails to appear for a deposition is expressly contemplated by this rule.  However, the Court must also consider the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  These factors are: (1) the prejudice to the Defendant; (2) the extent to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

Apparently, the discovery deadline has passed, and the Defendant has been deprived of an opportunity to depose Mr. Rael.  Mr. Rael's whereabouts are still unknown.  He has for all practical purposes abandoned this litigation.  Consequently, his inaction has interfered with the judicial process.  Although the Court did not warn Mr. Rael that his claims could be dismissed, his

---

[2] All depositions scheduled for January 2007 were erroneously scheduled for January 2006.

attorney was aware of this possible sanction and has acquiesced in it. Because Mr. Rael cannot be located, there is no lesser sanction apart from dismissal of his claims which could have any efficacy.

**IT IS THEREFORE ORDERED** that the Defendant's Motion **(#36)** is **GRANTED**. Plaintiff Eric Rael's claims are **DISMISSED**, with prejudice.

Dated this 9th day of July, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge